**Melcher Estate**

---

*Mark C. McQuillen*, for petitioner.
*Paul H. Edelman*, for respondent.

MUTH, P. J., April 5, 1968.—Lydia E. Melcher died, testate, on April 7, 1967, and her last will and testament, dated April 1959, was duly probated on May 8, 1967, and Letters Testamentary issued to the National Bank of Boyertown. Testatrix in her will, after providing for a legacy for one of her daughters, ordered and directed that distribution of the residue of her personal and real estate be made to her six children, in equal shares. One of these children, Bertha Minner, predeceased the testatrix, survived by five children. Among them is Mary Kelsch, petitioner in this matter.

Her petition represents that among the assets of the estate of the testatrix is certain real estate situate in Washington Township, Berks County, Pa., containing 56 Acres, 2.8 Perches, more specifically described in Berks County Records Deed Book, vol. 724, p. 110; that on November 27, 1967, she and her husband, Paul F. Kelsch, submitted a written offer of $10,000 to the National Bank of Boyertown, executor, for the said real estate; that although their letter mentioned a willingness to engage in competitive bidding, the said executor without further notice accepted a bid of $12,000 from Melcher Rapid Weigh Co., the latter being a business owned and operated by Bennett M. Melcher, one of the residuary legatees under the will of the testatrix.

The petition of Mary Kelsch requests that the National Bank of Boyertown, executor, be restrained from selling the real estate of decedent to Bennett M. Melcher, for $12,000, and that the said executor be ordered to expose the said premises to public sale and prays for other relief, which we shall not mention in detail.

A hearing upon the petition of Mary Kelsch was held before this court, on February 27, 1968.

Counsel for the executor challenges the jurisdiction of the court. However, there can be no question that the Orphans' Court possesses jurisdiction to authorize the sale of real estate of a decedent in the proper administration of the estate: The Fiduciaries Act of April 18, 1949, P. L. 512, sec. 543, 20 PS §320.543. This section provides as follows:

"Order of Court—When the personal representative is not authorized to do so by this act or is not authorized or is denied the power to do so by the will, if any, or when it is advisable that a sale have the effect of a judicial sale, he may sell any real or personal property of the decedent, including property specifically devised, at public or private sale, or may pledge, mortgage, lease, or exchange any such property, or grant an option for the sale, lease, or exchange of any such property, under order of the orphans' court of the county where letters testamentary or of administration were granted, upon such terms and upon such security and after such notice as the court shall direct, whenever the court shall find such sale, pledge, mortgage, lease, exchange, or option to be desirable for the proper administration and distribution of the estate."

It appears that in the letter of counsel for the petitioner, dated November 27, 1967, in which the offer of $10,000 aforementioned was made, the following statement was included. "If our offer is not acceptable

because there are other and higher bidders, we will be willing to enter into closed competitive bidding with any such other bidders so that the estate will realize the highest dollar for the property."

Elber C. Gillespie, trust officer of the National Bank of Boyertown, Executor, in a letter of December 7, 1967, to counsel for petitioner, acknowledged receipt of the offer made on behalf of the petitioner and her husband and included the following sentence. "Be assured that we will advise you as to the status of your offer and whether we will find it necessary to ask for competitive bidding."

Despite the foregoing correspondence and without further notice to petitioner or to the other legatees under the will of the testatrix, he accepted an offer of $12,000 for the real estate of the decedent, made by Bennett M. Melcher, one of the legatees and a son of decedent. However, no agreement of sale was executed. The executor did not advise any of the other children or grandchildren of testatrix of the offer of Bennett M. Melcher and the trust officer consulted only the chairman of his trust committee before accepting the offer of Bennett M. Melcher. Mr. Gillespie, the trust officer, explains his action in accepting the offer of $12,000 and in failing to notify petitioner and the other parties in interest of the estate of decedent by stating that, "We had no real knowledge that she was willing to enter competitive bidding". In view of the correspondence, it is difficult to accept the sincerity of the trust officer in making this statement. He added that he feared that the executor might lose the offer of $12,000 if he gave notice to the children and grandchildren of testatrix of the action contemplated. He stated further that he believed $12,000 was a fair price for the premises. Mr. Gillespie, the trust officer, is apparently of the opinion that he is without power to accept a higher offer for the premises in question,

even though no agreement of sale was executed between the executor and Bennett M. Melcher. The executor and its trust officer owe the fullest fiduciary obligations to the legatees of this testatrix; to deal openly and fairly with them; to do everything possible to obtain the highest and best price for the real estate of decedent.

Petitioner has offered to engage in competitive bidding with any parties in interest and has offered to deposit a check of $2,000 as evidence of good faith in making any offer which might be acceptable.

It is the duty of the court to supervise the disposition of the property of decedent's estate in a manner which is conducive to the best interest of all parties concerned. Section 545 of the Fiduciaries Act of 1949 gives the court the power to restrain a personal representative from making any sale or carrying out any contract of sale made by him, if in the best interests of the estate.

In order to clarify the functions of the executor in the within estate, and in the best interest of all parties and legatees under the will of the testatrix, we therefore make the following order:

## ORDER

And now, to wit, April 5, 1968, it is hereby ordered and decreed that the National Bank of Boyertown, executor under the last will and testament of Lydia E. Melcher, deceased, be and is hereby restrained from selling the real estate of testatrix, located in Washington Township, Berks County, Pa. to Bennett M. Melcher, for the sum of $12,000, and it is further ordered and decreed that the said National Bank of Boyertown, executor as aforesaid, sell the real estate of testatrix at public sale, after due notice;

(a) At a sale restricted to the children and grandchildren of testatrix; or

(b) At a public sale not so restricted, providing, however, that Mary Kelsch, petitioner, make a firm offer to the aforementioned executor for the real estate of decedent, in a sum of not less than $13,000.

The sale of the within premises to be confirmed by this court within 10 days of the date of sale, which sale shall be held within 60 days from the date of this order.

Petitioner's other requests for relief are denied. Costs to be paid by the estate.